IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF NORTH CAROLINA

| | | |
|---|---|---|
| STACEY L. CRAFT, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | 1:10CV9 |
| | ) | |
| MICHAEL J. ASTRUE, | ) | |
| Commissioner of Social | ) | |
| Security, | ) | |
| | ) | |
| Defendant. | ) | |

## MEMORANDUM OPINION AND RECOMMENDATION
## OF UNITED STATES MAGISTRATE JUDGE

Plaintiff, proceeding pro se, brought this action pursuant to Section 205 (g) of the Social Security Act, as amended (42 U.S.C. § 405(g)), to obtain judicial review of a final decision of Defendant, the Commissioner of Social Security, denying Plaintiff's claims for Disability Insurance Benefits ("DIB") under Title II of the Social Security Act ("the Act"). This matter is before the Court on Defendant's motion to dismiss for failure to prosecute. (Docket Entry 12.) Plaintiff has not filed a response and the period for filing a response brief has expired. For the reasons set forth below, it is recommended that the case be dismissed for Plaintiff's failure to prosecute.

### PROCEDURAL HISTORY

On January 8, 2010, Plaintiff filed this action for judicial review of the unfavorable decision of the Administrative Law Judge ("ALJ"). (Docket Entry 2.) Defendant filed his answer to the complaint on March 26, 2010. (Docket Entry 10.) On March 29, 2010, this Court issued a scheduling order requiring Plaintiff to file her dispositive motion within forty-five days

of the date of the scheduling order and requiring Defendant to file his dispositive motion on or before July 19, 2010. (Docket Entry 11.)

Plaintiff has filed no motion or brief. Defendant filed the instant motion to dismiss for failure to prosecute on July 14, 2010. (Docket Entry 12.) By letter dated July 15, 2010, the Court notified Plaintiff of the motion to dismiss and advised Plaintiff that her action would be subject to dismissal if she failed to respond within twenty-one days from the date of service of Defendant's motion. (Docket Entry 14.) To date, no brief or response has been filed by Plaintiff.

### APPLICABLE LAW

Under Rule 41 of the Federal Rules of Civil Procedure, "[i]f the plaintiff fails to prosecute or to comply with [the Federal Rules of Civil Procedure] or a court order," the court may enter an order of involuntary dismissal. Fed. R. Civ. P. 41(b). In assessing whether dismissal is appropriate under Rule 41(b), a court must evaluate (1) the degree of the plaintiff's personal responsibility for the failure; (2) the prejudice caused to the defendant; (3) whether the plaintiff has a history of deliberately proceeding in a dilatory fashion; and (4) the availability of a less drastic sanction. *Chandler Leasing Corp. v. Lopez*, 669 F.2d 919, 920 (4th Cir. 1982); *see also Ballard v. Carlson*, 882 F.2d 93, 95 (4th Cir. 1989) (holding the magistrate judge's prior explicit warning that a recommendation of dismissal would result if the plaintiff failed to obey the judge's order was proper grounds for the district court to dismiss the suit when the plaintiff did not comply despite the explicit warning).

Pro se litigants are not held to the same high standards as attorneys. *Hughes v. Rowe*, 449 U.S. 5, 10 n.7 (1980); *Haines v. Kerner*, 404 U.S. 519, 520 (1972). Pro se litigants must, however, meet certain standards, including "respect for court orders without which effective

2

Case 1:10-cv-00009-NCT-JLW   Document 15   Filed 12/17/12   Page 2 of 4

judicial administration would be impossible." *Ballard*, 882 F.2d at 96. Accordingly, pro se litigants are subject to the provisions of Rule 41. Where a plaintiff fails to prosecute his Social Security appeal, dismissal is a necessary and appropriate remedy for the efficient administration of justice. *See Link v. Wabash R.R. Co.*, 370 U.S. 626, 630 (1962) (holding that district court did not abuse its discretion in dismissing a case with prejudice for failure to prosecute in order to "achieve the orderly and expeditious disposition of cases"); *Robinson v. Wix Filtration Corp. LLC*, 559 F.3d 403, 409-11 (4th Cir. 2010) (recognizing continued vitality of *Link*, court found district court did not abuse discretion in denying a Rule 59(e) motion based on party's failure to respond to dispositive motion).

## DISCUSSION

Plaintiff clearly has failed to prosecute this action and to comply with an order of this Court. Her action, therefore, is subject to dismissal under Rule 41. Given the lengthy period of time during which she has taken no action, the Court can only assume that Plaintiff has decided not to pursue the matter. To determine whether dismissal is the appropriate sanction for Plaintiff's failure to file any motions or responsive pleadings, the Court has considered the factors outlined in *Chandler*. The first factor weighs in favor of dismissal. Plaintiff has proceeded pro se from the outset, thus she has demonstrated that she is capable of filing pleadings and papers and she alone bears the responsibility for her failure to prosecute her case. Plaintiff failed to follow the Court's scheduling order or respond to Defendant's motion to dismiss in spite of the Court's transmittal of the required notice pursuant to *Roseboro v. Garrison*, 528 F.2d 309 (4th Cir. 1975).

Second, Plaintiff's failure to prosecute has rendered Defendant unable to address the merits of Plaintiff's claim. Defendant has been required to answer the complaint in this action,

3

as well as compile and file the Administrative Record. Plaintiff now appears to have abandoned her claim. Thus, the second factor also favors dismissal. Similarly, factor three favors dismissal because Plaintiff has had ample time to respond to the motion and has been prodded by the Court to file a brief, but has failed to do so. While there is not significant history of dilatory conduct on the part of Plaintiff, she clearly has failed to follow procedure or respond in any fashion following the filing of her initial complaint.

Finally, given Plaintiff's complete lack of compliance over a significant period of time, any lesser sanctions would likely be ineffective. The Fourth Circuit has held that a district court does not abuse its discretion by dismissing an action after issuing an explicit and reasonable warning. *Ballard*, 882 F.2d at 95-96. Consequently, dismissal is an appropriate sanction for Plaintiff's failure to prosecute and non-compliance with the Court's Order.

## CONCLUSION AND RECOMMENDATION

Wherefore, based on the foregoing, it is **RECOMMENDED** that Defendant's Motion to dismiss for failure to prosecute (Docket Entry 12) be **GRANTED** and that Plaintiff's case be **DISMISSED** with prejudice pursuant to Rule 41(b) of the Federal Rules of Civil Procedure.

**IT IS SO RECOMMENDED**.

/s/ Joe L. Webster
United States Magistrate Judge

Durham, North Carolina
December 17th, 2012